*585 OPINION OF THE COURT
Howard Miller, J.
Defendant County of Orange moves for an order dismissing the complaint for failure to state a cause of action and/or for summary judgment on four grounds:
(1) Orange County had no statutory or legal duty to disseminate weather information;
(2) The county’s failure to initiate or enforce a specific county plan is discretionary, not ministerial, and is afforded absolute immunity;
(3) Orange County owed plaintiffs no special duty of care;
(4) The county is afforded immunity under section 25 of the Executive Law.
Plaintiff and codefendant Valley Central School District (Valley Central) oppose the motion upon the grounds that:
(a) discretionary acts of the county are actionable if a safety plan is devised without adequate study or lacked a reasonable basis;
(b) the county failed to comply with Executive Law § 23 by failing to revise building and safety codes, and failed to comply with its own plan in failing to disseminate weather warnings;
(c) the county’s failure to disseminate weather information was a ministerial act since it was mandated by the county’s plan;
(d) once the county adopted the plan, its failure to disseminate a warning of tornado activity constitutes actionable negligence as to this plaintiff; and
(e) the county’s hiring and retention of County Emergency Management Office employees is actionable.
The following facts are uncontroverted:
In 1984 the County of Orange enacted Local Law No. 6, creating the Office of Emergency Management, headed by a director having civil defense and emergency activity powers. In 1987, the county enacted a comprehensive emergency management plan (the Plan) which was formulated pursuant to Executive Law article 2-B and designed to provide guidance to county officials in mitigating, preparing for, responding to and recovering from natural and man-made disasters. The Plan was in effect on November 16, 1989.
A portion of the Plan (section III, under "Response”, subdivision D, entitled "Alert and Warning”) outlines certain proce *586 dures, including procedures to disseminate warnings and information over the Emergency Broadcast System and provided that "special instructions [sic — institutions]”, such as schools, would receive notice individually, "as conditions warrant”.
On November 16, 1989, at approximately 9:51 a.m. the county received from the New York State Police Information Network a "tornado watch” weather statement issued by the National Weather Service. At 11:50 a.m., the Orange County emergency manager provided the county public information officer with a copy of the severe weather statements for issuance to county radio stations. At 12:30 p.m. on November 16, 1989, a tornado struck causing the collapse of a wall at the Coldenham Elementary School, and resulting in the death of several children and injury to others.
Plaintiff’s complaint seeks to impose liability upon the county for failure to initiate and enforce that part of the Plan requiring notification to the school or school district of storm warnings or watches. Other theories of liability include failure to revise and add to the building and safety codes, negligent hiring and retention of employees, a lack of adequate study and rational basis for the Plan.
The issue on this motion, however, is whether the complaint states a cause of action. Summary judgment under CPLR 3212 is available only after issue is joined.
The county alleges it is immune from suit under section 25 of the Executive Law. That section, however, affords immunity only for discretionary functions and duties (Executive Law § 25 [5]).
In order for the plaintiff’s complaint to withstand this motion to dismiss, plaintiff must establish that the acts of the municipality were ministerial, not discretionary, since, as plaintiff concedes, discretionary acts are immune from suit. Plaintiff also argues, however, and the county concedes, that even discretionary acts can submit a municipality to liability if the Plan was evolved without any rational basis.
Whether a municipality can be liable for failure to disseminate weather warnings has been the subject of Federal and case lay/ from other States, but New York has yet to decide this issue. The county cites National Mfg. Co. v United States (210 F2d 263 [8th Cir 1954]) for authority that the dissemination of weather information is a discretionary function. The Federal and case law emanating from other jurisdictions is not dispositive, however, since those cases were decided pursu *587 ant to either the Federal Tort Claims Act or applicable State laws, none of which are comparable to New York law. Nor did they involve a situation where, as here, a county specifically undertook a plan of response to an impending disaster.
Under New York law, the distinction between a discretionary act and a ministerial act is that a discretionary act "involve[s] the exercise of reasoned judgment” whereas a ministerial act envisions "direct adherence to a governing rule or standard with a compulsory result” (Tango v Tulevech, 61 NY2d 34, 41).
Inasmuch as only a portion of the Plan was submitted on this motion, it is not possible to make a determination as to whether the Plan was the equivalent of a "governing rule or standard with a compulsory result”. Further, the county is in no different position than defendant City of New York in Haddock v City of New York (75 NY2d 478), where the Court of Appeals noted that the city’s argument for immunity based upon a discretionary act was flawed by failure of any evidence to demonstrate that there was in fact any decision or exercise of discretion by the city which would have given rise to an immunity defense. The court further pointed out that "the very basis for the value judgment supporting immunity and denying individual recovery for injury becomes irrelevant where the municipality violates its own internal rules and policies and exercises no judgment or discretion” (supra, at 485). The record before the court on this motion is utterly barren of any evidence as to what acts, if any, the county took on November 16, 1989 between 9:51 a.m., the time it received the weather warning, and 11:50 a.m., when the warning was disseminated to radio stations. Whether the county exercised any discretion during that time period, or whether it was under a duty to adhere to its own Plan, are issues which must await the trial of this action.
The complaint states a cause of action against the county; further, were this motion properly brought for summary judgment, the finding of the court would be that sufficient issues of fact exist precluding summary judgment.